IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. 1:20-CR-01705-WJ-1

**ANTHONY SUBIA**,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S REQUEST FOR A VARIANCE PURSUANT TO 18 U.S.C. § 3553

**THIS MATTER** is before the Court following Defendant Anthony Subia's sentencing hearing on February 15, 2024. During the sentencing hearing and in his sentencing memorandum, Defendant asked this Court to vary downward and sentence him to time served followed by supervised release. **Doc. 159 at 17**. The Court finds, after considering the parties' arguments and the applicable law, that Defendant's request for a variance is well-taken and is therefore **GRANTED**. In accordance with this Court's oral ruling on February 15, 2024, Defendant is sentenced to time served followed by eight years of supervised release.

### BACKGROUND

In 2019, the Drug Enforcement Administration ("DEA") began investigating Defendant Anthony Subia and his co-defendants Joshua Lawrence and Justin Armijo for suspected drug distribution. **Doc. 142 at 5**. Using an undercover agent, the DEA conducted four controlled purchases with Defendant Subia and his codefendants between March 28 and June 27 of 2019. *Id.* **at 5–7**. In total, Defendant Subia and his codefendants were responsible for the sale of 3,046.2 grams of methamphetamine. *Id.* **at 7**. Based on these controlled purchases, the United States charged Defendant Subia and his codefendants in a five-count indictment with one count of conspiracy to distribute a methamphetamine in violation of 21 U.S.C. 846 and four counts of

1

distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). **Doc. 2**. Defendant ultimately pled guilty to counts 1–5 of the indictment pursuant to a Fed. R. Crim. P. 11(c)(1)(B) plea agreement. **Doc. 130**.

On February 28, 2023, the Court held a sentencing hearing where it accepted the parties' plea agreement, noted that Defendant is safety-valve eligible, and set Defendant's guideline range at 121–151 months. **Doc. 165 at 1**. During the hearing, Defendant asked the Court to vary downward and sentence him to time served based on his learning disability and low cognitive functioning, his lack of a violent criminal history, his exceptional conduct while on pretrial supervision, and his relationship with his young son. *Id.* **at 2**. After hearing the parties' arguments and noting Defendant's exceptional compliance with his pretrial conditions of release, the Court refrained from sentencing Defendant to allow him to earn his requested variance. *Id.*

The Court and the parties reconvened for Defendant's sentencing on February 15, 2024. Defendant Subia again requested a variance to time served based on his individual circumstances, limited criminal history, role in the criminal matter, and his conduct on pretrial supervised release. **Doc. 159 at 1**. Defendant's probation officer also recommended a non-custodial sentence based on Defendant's exceptional compliance with his pretrial conditions. Upon consideration of the sentencing guidelines, the history and characteristics of Defendant, and the nature and circumstances of his offense, the Court concluded that a variance to time served followed by eight years of supervised release is sufficient but not greater than necessary to comply with all the purposes of sentencing. The Court also explained that it imposed an extensive eight-year term of supervised release to ensure that if Defendant were to revert to criminal activity, the Court could impose a significant custodial sentence. The Court's ruling is explained in more detail below.

## **DISCUSSION**

Under the § 3553(a), courts must consider the nature and circumstances of the offense as well as the history and characteristics of the defendant. § 3553(a)(2) also highlights the need for the sentence imposed to comply with the basic purposes of sentencing:

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant;

D. to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

An analysis of the § 3553(a) factors establishes that a variance to time served followed by eight years of supervised release is warranted in this case. The Court addresses each of these factors and purposes below.

While the Court recognizes the seriousness of Defendant's offenses as reflected in the guideline scoring of offense level 31, it notes that Defendant has struggled with a lifelong learning disability, low cognitive functioning, and substance abuse. **Doc. 159-1 at 8, 11.** At the time of Defendant's crimes, these factors combined to create a perfect storm of immaturity and susceptibility to influence, culminating in Defendant making the illogical decision to sell drugs. In Defendant's Psychological Evaluation, Dr. Brovko explained that individuals with learning disabilities, like Defendant, struggle with limited foresight about the consequences of their actions, illogical decision making, and immature behaviors. **Doc. 159-1 at 11**. With respect to Defendant's substance abuse, Dr. Brovko stated that "substance abuse disorders increase an individual's likelihood of engaging in criminal activity by undermining judgment, lowering inhibitions, and

3

increasing the risk of engaging in impulsive or aggressive behaviors." *Id.* During his sentencing hearing, Defendant also admitted that many of his poor decision were a result of the people he surrounded himself with. He explained that he has since distanced himself from those negative influences.

Although numerous defendants grapple with substance abuse issues and intellectual limitations, only a select few manage to surmount these hurdles and excel during pretrial supervision. Thus, while Defendant's intellectual and substance abuse issues justify a minor variance, his exceptional performance on pretrial supervision distinguishes him from other defendants, justifying the significant variance given in this case.[1] The Court recognizes that overcoming drug addiction, especially to substances like heroin and methamphetamine, is a challenging feat. Nevertheless, since his arrest in February 2021, Defendant has remained drug-free and complied with all his pretrial conditions. Significantly, Defendant has not just complied with his pretrial conditions for a few months or a year, but for three years.[2]

Further history and characteristics lending support to a variance include his successful employment, his family circumstances, and his lack of violent history. Defendant maintained steady employment throughout his years on pretrial supervision; he currently works at a Denny's in Bernalillo, New Mexico. **Doc. 159 at 3**. Defendant's supervisor wrote a letter detailing Defendant's unmatched work ethic and sincere efforts to put his past behind him. **Doc. 159-3**.

---

[1] District courts may consider pretrial conduct under the § 3553(a) factors and vary based on this consideration. *See United States v. Schlosser*, 558 F.3d 736, 740-42 (8th Cir.2009) (finding that pretrial conduct is appropriate consideration under § 3553(a)); *see also United States v. Harper*, 782 F. App'x 519, 520 (8th Cir. 2019) (noting that the sentencing court granted a downward variance based on the defendant's health and good conduct on pretrial release); *United States v. Connor*, No. 2:13-CR-00165-TLN, 2020 WL 5702116, at *2 (E.D. Cal. Sept. 24, 2020) (detailing how the sentencing court granted a substantial downward variance because of the defendant's drug addiction problems, lack of criminal history, and good conduct while on pretrial supervision).

[2] The Court clarifies that satisfying most pretrial conditions is not enough to justify a significant variance. Flawless compliance, along with other mitigating factors, is necessary for such a variance.

Defendant also has a young son and is the only surviving child to his aging parents. **Doc. 159 at 6–7**. *See United States v. Vargas-Ortega*, 736 F. App'x 761, 764 (10th Cir. 2018) (concluding that a Defendant's family circumstances are a relevant factor in a court's decision to vary downward from the sentencing guidelines); *see also United States v. Huckins*, 529 F.3d 1312, 1319 (10th Cir. 2008) (affirming a district court's variance in part based on the defendant improving his life through his own efforts).

Against this backdrop, the Court finds that a variance to time served followed by eight years of supervised release is sufficient but not greater than necessary to comply with the purposes of sentencing set forth under § 3553(a). The first two purposes of sentencing are to provide just punishment and promote respect for the law. As noted earlier, Defendant complied with his pretrial conditions for **three years**, overcoming drug addiction to remain in compliance. Certainly, such exceptional conduct on pretrial supervision evidences a new respect for the law as well as a better understanding of the consequences of his actions. Therefore, imprisonment is unnecessary in this case to promote respect for the law. Instead, a lengthy period of supervised release will serve as sufficient punishment for the Defendant's offense. Additionally, as stated by this Court during sentencing, supervised release provides assurance that if the Defendant fails to comply with his conditions, he will face imprisonment for his offense.

The next two purposes of sentencing, described in § 3553(a)(2), are to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. In this case, Defendant is not likely to commit further crimes because he will continue with supervised release, ensuring his continued law-abiding behavior. Defendant also explained during sentencing that he has distanced himself from the people and substances that initially led to him selling drugs, making it less likely that Defendant will return to selling drugs.

The final purpose of sentencing deals with rehabilitation, which Defendant has already undertaken while on pretrial supervision. Defendant has worked hard these past years rebuilding his life, maintaining a job, separating himself from negative influences, quitting drug use, and complying with the law and his pretrial conditions. Supervised release will help Defendant maintain his positive progress without removing him from the supportive structure and community he has thrived in these past three years. Conversely, imprisonment would remove Defendant from the structure and community that have supported his rehabilitation. It could also expose Defendant, who is easily influenced, to negative influences, potentially impeding rather than aiding his rehabilitation.

For these reasons, the Court finds that a sentence of time served followed by eight years of supervised release serves the purposes of sentencing more effectively than a term of imprisonment given Defendant's unique history and characteristics as well as his exceptional performance on pretrial supervision. Consequently, such a sentence is sufficient but not greater than necessary to serve the purposes of sentencing set forth under § 3553(a)(2). This sentence is in line with the United States Supreme Court's instruction, in *Gall v. United States*, that district courts should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." 552 U.S. 38, 52 (2007).

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

!
!